UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SETON THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>    Respondent. | No.  2:14-cv-2821 AC P<br><br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the undersigned. ECF No. 4.

    Petitioner was convicted of first degree murder and sentenced in 1980 to a term of seven years to life with the possibility of parole.  ECF No. 1 at 2; ECF No. 2 at 6.  He challenges a July 2012 decision of the Board of Parole Hearings, denying him parole. ECF No. 2 at 6.  In Ground One, petitioner contends that the record does not contain "some evidence" to support a finding that he will pose an unreasonable risk of danger to society if paroled.  Id. at 16-24; ECF No. 2-1 at 1-7.  In Grounds Two and Four he claims that the application of "Marsy's Law" (Proposition 9) increases his minimum and maximum term, thereby extending his incarceration and violating his due process rights and the state and federal prohibition against ex post facto laws.  ECF No. 2-1 at 8-23; ECF No. 2-2 at 1-4, 8-10.  In Ground Three, petitioner argues that his due process rights

1

were violated when the parole board substituted the "some evidence" standard for the required "preponderance of the evidence" standard.  ECF No. 2-2 at 5-7.

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

With respect to Grounds One and Three, the United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Id.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.  Id. at 219-20.  The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979).  Swarthout, 562 U.S. at 220.  Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id.  The petition and exhibits make clear that petitioner was present at the hearing, represented by counsel, and provided a statement of the reasons parole was denied.  ECF No. 2 at 6, 16-24; ECF No. 2-1 at 1-8; ECF No. 2-2 at 17; ECF No. 2-6 at 21-25.  "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection."  Id.  The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Accordingly, Grounds One and Three must be dismissed.

Claims Two and Four involve the application of Marsy's Law.  The court will dismiss the instant petition without prejudice to petitioner obtaining any relief that is available to him as a member of the plaintiff class in Gilman v. Fisher, 2:05-cv-0830 LKK CKD P (E.D. Cal. Feb. 28, 2014), appeal docketed, Nos. 14-15680 and 14-15613 (9th Cir. Apr. 22, 2014).

Under Marsy's Law, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).  Hearings in advance of this schedule can be held at the discretion of the Board of Parole Hearings, or at the request of a prisoner (although the inmate is limited to one such request every three years). Id. at 1105. The plaintiff class in Gilman is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See Gilman, 2:05-cv-0830 LKK CKD P, ECF No. 532 at 1-2 (Order Filed Feb. 28, 2014). Members of the Gilman class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." Id., ECF No. 296 at 2 (Order Filed Dec. 10, 2010); see also id., ECF Nos. 278 (Order Filed Oct. 1, 2010), 276 (Order Filed Sept. 28, 2010), 274 (Order Filed Sept. 23, 2010).

Petitioner's claim that the retroactive application of Proposition 9 creates a significant risk that he will receive a longer period of incarceration than he would have under the law as it existed when he was sentenced mirrors the claims in Gilman.  On February 28, 2014, the district judge issued an order granting the Gilman class declaratory and injunctive relief, including entitlement to annual parole hearings unless the Board expressly finds that a longer deferral period is warranted. Gilman, 2:05-cv-0830 LKK CKD P, ECF No. 532 at 57-58.  This relief is currently stayed and these matters are pending on cross-appeals before the Ninth Circuit Court of Appeals. Gilman v. Brown, 9th Cir. Nos. 14-15680 and 14-15613.  Accordingly, the court will dismiss petitioner's Ex Post Facto claim without prejudice to any relief that may be available to him as a member of the Gilman class. See Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.")

Plaintiff's claim that the changes made by Proposition 9 violate his due process rights because they cause conflicts within the California Penal Code (ECF No. 2-1 at 16) is not cognizable.  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas corpus.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Federal habeas corpus relief "does not lie for error of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (citations omitted).  A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  Alleged errors in the interpretation or application of state law, which includes alleged errors in the state post-conviction review process, do not warrant habeas relief.  Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004); Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).  Moreover, as set forth above, petitioner was afforded the minimum procedures required under the Due Process Clause and he therefore cannot state a claim for violation of his due process rights.

To the extent petitioner contends that the failure to release him violated his due process rights and the Eight Amendment's prohibition of cruel and unusual punishment because both his minimum and maximum base term dates have passed (ECF No. 2-2 at 2-4), he also fails to state a claim.

With respect to the due process portion of petitioner's argument, it is established that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220.  If state law does create a liberty interest in parole, because states "are under no duty to offer parole to their prisoners," the existence of this state liberty interest does not give rise to a federal right "to be conditionally released before the expiration of a valid sentence." Id.  Due process is satisfied as long as the state provides an inmate seeking parole with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  As already addressed, the petition and exhibits establish that petitioner was afforded at least the minimal procedures required to satisfy due process.  See ECF

No. 2 at 6, 16-24; ECF No. 2-1 at 1-8; ECF No. 2-2 at 17; ECF No. 2-6 at 21-25.

As for petitioner's Eighth Amendment claim, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 73; Rummel, 445 U.S. at 272. "A punishment within legislatively mandated guidelines is presumptively valid. 'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'" United States v. Mejia–Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent property crime. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense). Accordingly, a life sentence for a first-degree murder such as that committed by petitioner would not constitute cruel and unusual punishment under the Eighth Amendment. See Plasencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (holding that a sentence of fifty years to life for murder with use of a firearm is not grossly disproportionate); People of Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir. 1978) (upholding a life sentence for first degree felony murder); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) (upholding life imprisonment for first degree murder); Harris v. Wright, 93 F.3d 581, 585 (9th Cir. 1996) (upholding a mandatory sentence of life without parole for first degree murder committed by a young offender). Accordingly, petitioner's claim of cruel and

unusual punishment must be dismissed.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed.

2. No certificate of appealability shall issue.

DATED: May 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE